IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RICKY LEWIS WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 319-023 |
| | ) | |
| PHILLIP HALL; RODNEY MCLEOD; | ) | |
| ROBERT TOOLE; JILL CRAVY; WILLIAM | ) | |
| DANFORTH; FRED GAMMAGE; | ) | |
| TERENCE KILPATRICK; and ZACKERY | ) | |
| MIXION, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate incarcerated at Smith State Prison in Glennville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 regarding events allegedly occurring at Telfair State Prison in Helena, Georgia. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.    SCREENING OF THE COMPLAINT**

   **A.    BACKGROUND**

In his complaint, Plaintiff names as Defendants (1) Phillip Hall; (2) Rodney McLeod; (3) Robert Toole; (4) Jill Cravy; (5) William Danforth; (6) Fred Gammage; (7) Terence Kilpatrick; and (8) Zackery Mixion. (Compl., doc. no. 1, pp. 2-3, 12.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On May 10, 2017, a riot occurred in B-2 dorm between Blood gang members, Crip gang members, and MS-13 Mexican gang members which resulted in Plaintiff being struck in the head with a lock. (Id. at 4-5.) After being struck with the lock, Plaintiff retreated to his cell and attempted to stop the bleeding but was unsuccessful. (Id. at 14.) Plaintiff requested medical assistance by calling out to officers, but no one responded. (Id.) The next day Plaintiff placed a medical request inside the door of his cell for an officer to pick up. (Id.) The medical request was removed from the door, but Plaintiff received no medical attention. (Id.) Seven days later, Plaintiff placed another medical request inside the door of his cell, but again received no medical attention. (Id.)

On May 21, 2017, Plaintiff received a callout for his injuries, but no officer or staff member escorted him to medical. (Id.) On May 24, 2017, Plaintiff filed a grievance listing his injuries and the gang members who caused those injuries during the May 10th riot. (Id.) Counselor Fruitrail read the grievance and gave Plaintiff a receipt. (Id.) Around May 31, 2017, Plaintiff went to medical and saw Nurse Jill Cravy. (Id.) Plaintiff showed Nurse Cravy his injuries and explained he was still experiencing head pains and blurry eyesight. (Id.) Nurse Cravy stated, "I don't want anything to do with that" and "I don't want to investigate it." (Id.) She then gave Plaintiff Motrin pills to treat his head injury. (Id.) Plaintiff suffered an open head wound and a concussion as a result of being struck in the head with a lock during the riot. (Id. at 5.) The spot where Plaintiff was hit is still visible and he continues to seek constant medical treatment. (Id.)

For relief, Plaintiff requests $500,000 in compensatory damages, $500,000 in punitive damages, and injunctive relief. (Id.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must

3

provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Claim Based on Deliberate Indifference to His Safety is Barred by Claim Preclusion

"The doctrine of claim preclusion (or *res judicata*) bars the parties to an action from relitigating matters that were or could have been litigated in an earlier suit." Shurick v. Boeing Co., 623 F.3d 1114, 1116 (11th Cir. 2010). For the doctrine to apply, four elements must be met: "(1) a court of competent jurisdiction has (2) rendered a final judgment on the merits in another case involving (3) the same parties and (4) the same cause of action." Id. at 1116-17. Additionally, the party must have had "a full and fair opportunity to litigate the claims and issues settled in a previous suit." Morris v. May, 570 F. App'x 903, 905 (11th Cir. 2014). To determine whether the causes of action are the same, courts look to the factual issues in the second lawsuit and compare them to the first lawsuit, and if the case arises out of the same nucleus of operative fact, then the "two cases are really the same." Id. at 906.

As Plaintiff concedes, the facts in the present case are the same as he alleged in Wilson v. Danforth, CV 316-040 (S.D. Ga. Aug. 22, 2019) (hereinafter "CV 316-040"); doc. no. 1, p. 7. The Defendants in CV 316-040 and the present case are identical, minus the inclusion of

Nurse Jill Cravy, and the facts of CV 316-040 and the present case arise out of the same nucleus of operative fact. See id., doc. no. 175. Specifically, in both cases, Plaintiff asserted claims for deliberate indifference to safety and failure to protect, alleging (1) TSP was rife with violence to such a degree violence and terror reigned during his period of incarceration from May 2014 to November 2018; and (2) the May 10, 2017 incident involving his head injury by a lock thrown during a riot in his dorm.  In CV 316-040, the case proceeded to summary judgment, which United States District Judge Dudley H. Bowen, Jr., granted in favor of Defendants for reasons that would foreclose any chance of recovery here.  Thus, Plaintiff was given a full and fair opportunity to litigate his claim and cannot now attempt to re-litigate the claim. Morris, 570 F. App'x at 905.

## II.     MOTION FOR PRELIMINARY INJUNCTION

On July 29, 2019, Plaintiff filed a motion for a preliminary injunction, requesting the Court to compel Smith State Prison ("SSP") officials to provide Plaintiff with medical assistance for an alleged back injury received on April 29, 2019, and injuries received on May 10, 2017, as a result of a gang riot.  (Doc. no. 15, p. 2.)  The Court lacks jurisdiction to enter any restraining order or injunction against any SSP officials because they are not parties to this lawsuit. Holmes v. Williams, No. 6:15-cv-12, 2015 WL 4429092, at *8 (S.D. Ga. July 20, 2015) (citing In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs., 72 F.3d 842, 842-43 (11th Cir. 1995)).

Furthermore, "[a] district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended*

*on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997); see also Bruce v. Reese, 431 F. App'x 805, 806 (11th Cir. 2011) ("[Plaintiff's] request for injunctive relief as to those causes of action was thus properly denied as they were outside the scope of the underlying suit.") (citations omitted).  Regarding Plaintiff's April 29th back injury, Plaintiff is not entitled to a preliminary injunction ordering SSP officials to provide him with medical assistance because Plaintiff's suit is unrelated to his back injury.  (See doc. no. 15, pp. 1-2.)  Therefore, Plaintiff's motion should be denied.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's claims for deliberate indifference to his safety be **DISMISSED** for failure to state a claim upon which relief may be granted, Defendants Phillip Hall, Rodney McLeod, Robert Toole, William Danforth, Fred Gammage, Terence Kilpatrick, and Zackery Mixion be **DISMISSED** from this case, and Plaintiff's motion for a preliminary injunction be **DENIED**, (doc. no. 15).  In a companion Order, the Court allows to proceed Plaintiff's claim for deliberate indifference to a serious medical need against Nurse Jill Cravy.

SO REPORTED and RECOMMENDED this 6th day of November, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA